## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## NORTHERN DIVISION

| | |
|---|---|
| Ward Adventures, LLC, | ) |
| Plaintiff, | ) |
| | ) Case No. 3:05-CV-236 |
| v. | ) |
| | ) JUDGE PHILLIPS |
| Buddy Greg Motor Homes, Inc., and | ) MAGISTRATE JUDGE GUYTON |
| Country Coach Destinations, | ) |
| Defendants. | ) |

### ORDER

This matter is before the Court upon plaintiff's motion with supporting memorandum to strike declarations of Douglas Lown and Dan Larson [Doc. 31]. The declarations of Mr. Lown and Mr. Larson state opinions as to the value and problems of a motor home. Plaintiff's counsel took the depositions of these individuals and claims that, upon cross examination, the subject declarations contradict the deposition testimony. Accordingly, plaintiff filed its motion to strike the declarations pursuant to Rule 701 and 702 of the Federal Rules of Evidence.

As to Mr. Lown's opinion that the defects in the motor home were from normal wear and tear, upon cross examination, plaintiff claims that Mr. Lown stated that he could not determine when or how these problems came to exist. Therefore, plaintiff states that Mr. Lown should be prohibited from establishing causation, that is, that the problems that the plaintiff complained of were from normal wear and tear. Plaintiff also states that because

1

Joan Pietrowski had made repairs to the motor home prior to its sale, Mr. Lown's opinion that the value of the motor home was not significantly impaired because he saw no problems with the motor home is irrelevant and should also be stricken.

As to Dan Larson's declaration, he stated that Buddy Gregg Motor Homes, Inc. ('BGMH") was unaware of any problems or defects with the motor home; that the motor home was fit for ordinary purposes at the time it was sold to plaintiff; and that the fair market value of the motor home was equal to or more than $285,000.00. However, plaintiff states that, at deposition, Mr. Larson did not have particular knowledge of the critical issues such as what problems existed at the time of sale, whether the alignment had been performed, whether there were misrepresentations made to the plaintiffs, and whether the motor home was indeed fit for ordinary purposes. Therefore, the plaintiff asserts that Mr. Larson's declaration should be stricken from the record.

In response, the defendants state that, while Mr. Lown did not know the particular instances when the problems arose, he did know what the problems were and considered them to be normal. Defendants state that Mr. Lown outlined the documents he reviewed, including the repair history of the subject motor home and the testimony of Mr. and Mrs. Pietrowski, and stated that he traveled to Michigan and inspected the motor home. Defendants assert that, based upon Mr. Lown's years of experience, training, review of the documents, review of the testimony, and inspection of the motor home, Mr. Lown properly offered his opinion that the repair items on the motor home were the result of normal wear and tear and did not adversely affect the value of the motor home. Defendants state that

2

the plaintiff's objections go to the weight of the evidence, rather than its admissibility.[1]

As to Mr. Larson, defendants state that Mr. Larson's declaration does not provide opinion testimony; rather, as one of the two salesmen who worked with the plaintiff at the time it purchased the motor home, Mr. Larson recounts the facts. Further, defendants state that, although Mr. Larson did not do the alignment himself, he sent the motor home for alignment and that Mr. Pietrowski knew that Tennessee Tire, and not BGMH, was the entity that did the front end alignment. Further, as to the declaration that BGMH inspected the motor home for any problems, defendants state that, although Mr. Larson may not have personally been aware of any defects or lack thereof, Mr. Larson states that BGMH's technicians spent three to four hours inspecting the motor home and walking through the motor home with the customer, showing him or her that everything works. This is consistent with Mr. Larson's declaration that BGMH was not aware of any defects with the motor home. As to the declaration regarding representations made to Mr. Pietrowski during purchase negotiations, defendants state that Mr. Larson's declaration only refers to himself and Rob Cunningham.

In sum, the Court finds that the motion to strike the declarations "bear[s] on the weight of the evidence rather than on its admissibility." *United States v. L.E. Cooke Co.*,

---

[1] In support of their response, the defendants cite *Pizel v. Monaco Coach Corp.*, 374 F.Supp.2d 653 (N.D. Ind. 2005), where the plaintiff also sought to exclude an expert testifying by challenging the foundation of the proposed testimony. The plaintiff stated that the expert did not have adequate information prior to making a determination. The Court ruled that the objections were more properly the subject of cross-examination rather than a Daubert motion.

991 F.2d 336, 342 (6th Cir. 1993).  Accordingly, the plaintiff's motion to strike [Doc. 31] is **DENIED in its entirety**.

  **IT IS SO ORDERED.**

            **ENTER:**

            s/Thomas W. Phillips
            UNITED STATES DISTRICT JUDGE